**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ASIEL GALARRAGA GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1866-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Asiel Galarraga Garcia's Petition for a Writ of Habeas Corpus, ECF No. 1. Galarraga Garcia is detained at the El Paso Service Processing Center. *Id.* at 5. He argues that his continued detention is unlawful and asks for his release or a bond hearing. *Id.* at 13–19. He also asks that Respondents be prevented from moving him out of the District. *Id.* at 19.

Galarraga Garcia, a Cuban citizen, entered the United States in 2023 with a CBP One appointment, at which time he was paroled into the country. *Id.* at 4. On November 27, 2025, he was detained by immigration authorities after an encounter with local law enforcement. *Id.* at 5. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's

position on the law has not changed and explain whether the facts of Galarraga Garcia's case warrant a different outcome.[1]

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **<u>no later than July 20, 2026</u>**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Galarraga Garcia from the United States, or (2) transfer Galarraga Garcia to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

If any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

---

[1] On July 10, 2026, the Fifth Circuit granted rehearing en banc and vacated the panel opinion in *Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 1906557 (5th Cir. July 2, 2026). *See* Order, *Rodriguez v. Ortega*, No. 26-50221 (5th Cir. July 10, 2026), ECF No. 153. The *Rodriguez* panel opinion thus has no precedential value. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013). Accordingly, the Court's position on the law remains unchanged.

**SO ORDERED**.

**SIGNED this 13th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE